Richard Gunnerson, USB #10862
Brad G. DeHaan, USB #08168
Brigham Lundberg, USB #12583
LUNDBERG & ASSOCIATES
3269 South Main, Suite 100
Salt Lake City, UT  84115
Telephone: (801) 263-3400
Fax: (801) 263-6513)

*Attorneys for Defendants*
*eTitle Insurance Agency, Lundberg & Associates, Kent W. Plott and Mark S. Middlemas*

L&A Case No. 11-07780/GA

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRYAN TOONE AND JOLYNNE TOONE,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NA; PREMIER MORTGAGE CORP. OF AMERICA; ACCUBANK MORTGAGE CORPORATION DBA ACCUMORTGAGE CORPORATION; NORWEST MORTGAGE, INC.; LASALLE BANK N.A., AS TRUSTEE; BANK OF AMERICA, NA; ETITLE INSURANCE AGENCY; LUNDBERG & ASSOCIATES; KENT W. PLOTT; MARK S. MIDDLEMAS; DOES 1-50,<br><br>    Defendants. | DEFENDANTS ETITLE INSURANCE AGENCY, LUNDBERG & ASSOCIATES, KENT W. PLOTT AND MARK S. MIDDLEMAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS<br><br><br><br><br><br>Civil No. 2:11cv00170<br><br>Judge Stewart |

Defendants eTitle Insurance Agency ("eTitle"), Lundberg & Associates ("L&A"), Kent W. Plott ("Mr. Plott") and Mark S. Middlemas ("Mr. Middlemas"), through counsel, file this Memorandum in Support of their Motion to Dismiss.

## FACTUAL BACKGROUND

1. On or about October 12, 1998, Plaintiffs Bryan Toone and JoLynne Toone executed a Note to purchase property located at 179 West Paxton Avenue, Salt lake City, Utah 84101 ("Property").

2. To secure payment on that Note, Plaintiffs also executed a Deed of Trust on October 12, 1998 naming Premier Mortgage Corp. of America ("Premier Mortgage") as the Lender beneficiary.

3. Sometime prior to October 20, 2009, Plaintiffs defaulted on the terms of the Note to which the then beneficiary under the Note and Deed of Trust, Bank of America National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for the holders of Prime Mortgage Trust, Mortgage Pass-Through Certificates, Series 2004-CL1, initiated foreclosure proceedings pursuant to the terms of the security agreement.

4. On October 21, 2009 a Notice of Default was recorded in the Salt Lake County Recorder's Office.

5. Also on October 21, 2009 a Substitution of Trustee was filed in the Salt Lake County Recorder's Office substituting Defendant eTitle for the original trustee.

6. On December 7, 2010 an Amended Notice of Trustee's sale was posted and

published pursuant to Title 57 of the Utah Code.

7.      A Trustee's sale was held on January 3, 2011, wherein the property was sold at auction to Bank of America National Association as Successor by Merger to LaSalle Bank National Association, as Trustee for the holders of Prime Mortgage Trust, Mortgage Pass-Through Certificates, Series 2004-CL1.

8.      On January 3, 2011, Plaintiffs filed this action alleging six different causes of action, including Declaratory Judgment, Fair Debt Collection Practices, Utah Consumer Sales Practices Act, Breach of Duty, Breach of Contract-Duty of Good Faith and Fair Dealing and Violation of RESPA.

## ARGUMENT

### I.    Motion to Dismiss Standard.

Rule 12(b)(6) requires Plaintiff to allege facts which, if true, would provide adequate grounds for relief; "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  The Supreme Court has recently reiterated that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556, 570).  Finally, "[d]etermining

whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (internal citations omitted). (*See also, St. Benedict's Dev. v. St. Benedict's Hosp.,* 811 P.2d 194 (Utah 1991)) . Plaintiffs' Complaint fails to meet this standard and should be dismissed.

## II.     Claims against Mr. Plott and Mr. Middlemas.

Plaintiff does not assert anywhere in their complaint that Mr. Plott or Mr. Middlemas were ever acting individually or in any capacity other than attorneys. The Notice of Default, the Substitution of Trustee, the Notice of Trustee's Sale, the Amended Notice of Trustee's Sale and Trustee's Deed all reference that eTitle is the acting Substitute Trustee, not Mr. Plott or Mr. Middlemas. Mr. Plott and Mr. Middlemas appeared as counsel and always acted in their official capacity as authorized officers or agents of eTitle and L&A.

Plaintiffs by their own allegations verify the fact that Mr. Plott and Mr. Middlemas always acted as attorneys and in their capacity as officers or agents of eTitle and L&A rather than in an individual capacity.  Further, Plaintiffs have failed to allege any facts which would allow this court to place personal liability on Mr. Plott and Mr. Middlemas for acting in their authorized capacity.  Consequently, they must be dismissed from this litigation immediately.

## III.    Claims against Lundberg & Associates.

With respect to L&A, Plaintiffs alleged that L&A "committed fraud on the bankruptcy court in connection with the Motion for Relief from Stay." Such is not the case, and no documents have been provided in the complaint to evidence such. All allegations by Plaintiffs

that refer to "Motion for Relief of Stay filed by L&A was a fraud upon the bankruptcy court and done without any standing" are not only incorrect, but cannot be established by any of documentation referenced in the Complaint. Naked assertions against L&A are insufficient to withstand a motion to dismiss.

## IV.     Claims against eTitle Insurance Agency.

Even assuming the accuracy of the factual allegations set forth in the Plaintiffs' Complaint, nothing in this Complaint supports a claim specifically against eTitle. *Russell v. Standard Corp,* 898 P.2d 263 (Utah 1995), *St. Benedict's Dev. v. St. Benedict's Hosp.,* 811 P.2d 194 (Utah 1991). Defendant eTitle had no relationship with Plaintiff other than Defendant eTitle being appointed Successor Trustee under the Trust Deed and acting in a fiduciary capacity for Wells Fargo. "A trustee's primary obligation is to assure the payment of the debt secured by the trust deed.… A fiduciary duty arises not from the mere existence of the trustor-trustee relationship, but rather from facts evidencing a confidential relation above and beyond that ordinarily found between trustor and trustee". *Russell v. Lundberg*, 2005 UT App 315, 545, (citing *Five F., L.L.C. v. Heritage Sav. Bank*, 2003 UT App 373, ¶¶ 13-15, 81 P. 3d 105; *First Sec. Bank of Utah, N.A. v. Banberry Crossing*, 780 P.2d 1253, 1256 (Utah 1989). Plaintiff has failed to allege a single fact that would support such a confidential relationship between eTitle and Plaintiffs and therefore, any claims against eTitle for breach of a duty must be dismissed.

Additionally, as cited above, eTitle had a fiduciary obligation to act in accordance with the wishes of the beneficiary of the trust deed, namely Wells Fargo. Despite Plaintiffs'

assertions, eTitle was without authority to act contrary to Wells Fargo's position, and therefore, is not liable to Plaintiffs for any alleged wrongs. Pursuant to U.C.A. § 57-1-21.5 through 57-1-23, the Trustee has a narrow set of duties that are performed at the direction of the Beneficiary of the trust deed. Deviation from such a duty is a breach of their fiduciary duty and possibly criminal penalties.

Furthermore, with respect to Plaintiffs' contention that after the cancellation of the notice of default, the substitution of trustee remained and that this somehow constituted a wrongful lien, is a misapplication of the law. By law every trust deed must have a trustee. Whether that Trustee was eTitle or another trustee, it makes no difference as the beneficiary can appoint whomever they want as a trustee. See Deed of Trust paragraph 23, which states, "Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder." The right to substitute a trustee is clearly defined in the Deed of Trust which was executed by the Plaintiffs, and therefore, Plaintiffs' claims that the substitution was improper in any way fails on its face and does not provide any basis for relief.

In support of their claims, Plaintiffs allege inaccurate conclusions of law, the introduction of which, do not provide a factual basis for which relief can be granted. Plaintiff concludes that eTitle has not authority and that the substitution of trustee is void and a legal nullity. *See* Complaint ¶¶ 31, 34. However, as cited above the Substitution of Trustee was filed the same time as the Notice of Default, that the Deed of Trust provided for such a substitution, and that

every Deed of Trust requires a trustee. Plaintiffs however do not provide any basis for their claim that the substitution is invalid rather they rest upon the legal conclusion. Consequently, any claims in Plaintiffs' complaint arising from the claim that the Substitution of Trustee is void is inaccurate when viewed against the entire set of facts should be dismissed.

Finally, Plaintiff alleges that eTitle has never given Plaintiffs an accurate and proper reinstatement figures to cure their loan. *See* Complaint ¶36. However, Plaintiffs don't allege that a request of eTitle was ever made. Wihtout a request for a payoff, none is sent. Further, without a payoff quote the right to reinstate or cure the default still exists. Plaintiffs allege that qualified written requests were sent to Wells, but not to eTitle, who is the local representative for a payoff quote. See U.C.A. § 57-1-21. Consequnetly, Plaintiffs naked assertions against eTitle are insufficient to withstand a motion to dismiss, and eTitle should be dismissed from this case.

## **CONCLUSION**

In sum, Plaintiff has asserted numerous causes of action all arising from a few simple facts, none of which provide for relief from Mr. Plott, Mr. Middlemas individually, nor from L&A or eTitle. Plaintiffs' approach has been to throw everything against the wall hoping something sticks, however, Plaintiffs have failed to allege facts sufficient to show relief could be

granted against Defendants.  Accordingly, Plaintiffs' Complaint as against Defendants should be dismissed with prejudice.

DATED this 22nd day of February, 2011.

> LUNDBERG & ASSOCIATES
>
> By: _____/s/ Richard Gunnerson_____
> Richard Gunnerson
> Attorneys for Defendants
> *eTitle Insurance Agency*
> *Lundberg & Associates*
> *Kent W. Plott and Mark S. Middlemas*

## **MAILING CERTIFICATE**

I certify that on the 22nd day of February, 2011, I mailed a copy of the foregoing memorandum to the following:

> Brian W. Steffensen
> STEFFENSEN LAW OFFICE
> Attorneys for Plaintiffs
> Via ECF
>
> Stewart O. Peay
> Via ECF
>
> M. Lane Molen
> Via ECF
>
> James Delos Gardner
> Via ECF
>
> /s/ Richard Gunnerson__