**Brian W. Steffensen (3092)**
**STEFFENSEN ❖ LAW ❖ OFFICE**
448 East 400 South, Suite 100
Salt Lake City, Utah 84111
Telephone (801) 485-3707
Facsimile (801) 485-7140
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE STATE OF UTAH**

| | |
|---|---|
| Bryan Toone and JoLynne Toone<br><br>v.<br><br>Wells Fargo Bank. NA;<br>Premier Mortgage Corp. Of America;<br>Accubank Mortgage Corporation dba Accumortgage Corporation;<br>Norwest Mortgage, Inc.;<br>LaSalle Bank N.A., as Trustee;<br>Bank of America, NA;<br>eTitle Insurance Agency;<br>Lundberg & Associates;<br>Kent W. Plott;<br>Mark S. Middlemas;<br>Does 1-50 | Plaintiffs' Memorandum in Opposition to the Motion to Dismiss filed by the eTitle Insurance Related Defendants<br><br><br><br>Civil No. 2:11-cv-00170-TS<br><br>Judge Ted Stewart |

The Motion to Dismiss filed by eTitle Insurance Agency ("eTitle"), Lundberg & Associates ("Lundeberg"), Kent W. Plott ("Plott") and Mark S. Middlemas ("Middlemas") should be denied for the following reasons:

a.   It is a motion to dismiss, but it improperly proffers facts which are outside the allegations of the complaint, so as a motion to dismiss, it must be denied.

b.   The motion can not be treated as a motion for summary judgment because none of the factual assertions made by Movants are supported by any reference to the record or

1

supporting affidavit(s); consequently, as a motion for summary judgment it is also procedurally defective and must be denied.

c. The challenges to the claims for relief are substantively unpersuasive and should be denied.

## ARGUMENT

As this Court is aware, federal complaints plead claims rather than facts. (*Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006)). It is not necessary to plead facts relating to each element of a statute. (*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir 2005)). Similarly, the plaintiff receives the benefit of any fact that could later be established that is consistent with the allegations of the complaint. (*Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006)) .

Simply stated, a 12(b)(6) motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

I. **The Motion to Dismiss Improperly Proffers Factual Averments Outside the Allegations of the Complaint**

A Motion to Dismiss for failure to state a claim upon which relief may be granted must assume the allegations of the complaint to be true:

> When considering a motion to dismiss for failure to state a claim, the Court must construe the complaint in a light most favorable to the plaintiff and must accept as

2

true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); see also *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.")     *NBC-USA Housing, Inc. V. Donovan* (D.C. 3-31-2011)

The Movants' Motion is improper in that it sets forth various facts which are not found in the Toones' complaint.  Paragraph 3 and portions of the other paragraphs in the Factual Background section contain factual allegations not found and/or contrary to those in the complaint.  Then, sprinkled throughout the rest of the memorandum, are other random factual assertions which are outside the allegations set forth in the complaint.

 For instance, on pages 4 and 5, Movants assert that "All allegations by Plaintiffs that refer to "Motion [sic] for Relief of Stay filed by L&A was a fraud upon the bankruptcy court and done without any standing" are not only incorrect ...."  In a motion to dismiss, the movant can not claim that the allegations of the complaint are "incorrect."

Another example is on page 5, where Movants argue that "...eTitle had a fiduciary obligation to act in accordance with the wishes of the beneficiary of the trust deed, namely Wells Fargo."  This is a factual assertion  – i.e., that Wells Fargo was the beneficiary under the Toones' trust deed at that time – which directly contradicts the allegations of the Toone's complaint.  The complaint alleges that none of these entities were properly the beneficiary of the trust deed.

The Motion to Dismiss is so full of such errors that – as a motion to dismiss – it is fatally defective and must be denied.

3

## II. None of the Numerous Factual Assertions Made by Movants Are Supported by Any Affidavits – the Motion Can Not be Treated as a Rule 56 Motion for Summary Judgment

It is true that a motion to dismiss can under proper circumstances be treated as a Rule 56 Motion for Summary Judgment:

> If, however, the parties present additional documents that are "not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion [for summary judgment]." Fed.R.Civ.P. 12(d).   *Ibid.*

The Movants' Motion to Dismiss, if considered for treatment as a motion for summary judgment, would have to be summarily denied because none of the factual assertions made by the Movants in their Memorandum of Points and Authorities are supported by any citation to the record or appropriate affidavits.

As a motion for summary judgment, the motion to dismiss is also fatally defective and must be denied.

## III. The Claims for Relief Against These Defendants Are Properly Pled and Should Not be Dismissed

### A. Lundberg and Mssrs. Plott and Middlemas Are Properly Sued as Debt Collectors Under the FDCPA

It has long been established that attorneys seeking to collect consumer debts are subject to the provisions of the Fair Debt Collection Act ("FDCPA").

> "The term 'debt collector' means any person ... who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  15 USC 1692(a)(6)

4

The Supreme Court ruled in *Heintz v. Jenkins*, 514 US 291 (1995) that the FDCPA applies to attorneys who collect consumer debts.

It is also clear that the FDCPA applies to wrongdoing committed directly by an individual attorney. See for example, the Sixth Circuit decision in *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, ___ F. 3d ___, 2008 WL 495345 (6th Cir. Feb. 26, 2008); which found the Utah case of *Brumbelow v. Law Offices of Bennett and Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005) persuasive when the Utah court found that a partner in a law firm would be personally liable for his actions in violation of the FDCPA.

Lundeberg, Plott and Middlemas are alleged to be debt collectors under the FDCPA because they regularly collect consumer debt. They are sued in the Complaint for having themselves committed acts which violate the FDCPA (and UCSPA). The allegations of FDCPA violations with respect to them in the Toones' complaint state a claim against them upon which relief can be granted.

> **B.  Plaintiffs' Allegations With Respect to the Fraud on the Bankruptcy Court Committed by Lundberg, Plott and Middlemas are Detailed and Sufficient**

The complaint alleges that among the violations of the FDCPA (and the Utah Consumer Sales Practices Act – which prohibits deceptive and/or unconscionable acts or practices by persons who enforce consumer transactions) committed by Lundberg, Plott and Middlemas was fraud upon the Utah Bankruptcy Court in connection with the Motion for Relief From Stay filed by these defendants in the Toones' personal bankruptcy case.

The FDCPA prohibits (a) any conduct the natural consequence of which is to harass, oppress or abuse any person (15 USC 1692d), (b) the use of any other false, deceptive, or misleading representation (other than those listed in 1692d) or means in connection with debt collection (15 USC 1692e), ( c) making any false representation or use of any deceptive means to collect a debt (15 USC 1692e(10), utilizing any unfair or unconscionable means to collect or attempt to collect the alleged debt (15 USC 1692f) and the like.

The complaint alleges that the Toones were not in default on their loan but were and had been making reduced payments pursuant to an express agreement/ loan modification. The Toones further allege in their complaint that Lundeberg, Plott and Middlemas :

"28. .... filed a Motion for Relief of Stay [in the Toones' bankruptcy case] which represented:

    a.   That they were proceeding for and on behalf of LaSalle Bank, trustee;

    b.   That BOA was the successor in interest to LaSalle Bank, trustee, through a merger;

    c.   That LaSalle "acquired the beneficial interest in the Toones' Trust Deed and Note by an endorsement on the Note;

    d.   That the Toones' Trust Deed created a valid security interest in favor of LaSalle Bank, trustee;

    e.    That the Toones were delinquent in their payments;

    f.    That the Toones had not made the monthly payments from February 2010 through September 2010; and the like.

29    The foregoing statements were false when made, and knowing false or made with reckless disregard for the truth.

30    Examining the Toones' Note attached as Exhibit B to the Motion for Relief from Stay, one notes the following:

    a.    The Note was purportedly endorsed from Premier to Accubank, but the endorsement is signed by Accubank, not Premier, and by "Leslie Pitkin, Underwriting assistant." This can not possibly be a proper and effective endorsement. It appears, therefore, that the Note still is owned by Premier.

    b.    There next appears an endorsement from Accubanc to Norwest Mortgage. It is not dated. Upon information and belief, the signature of "Jan B. Hamrick" was a "robosigned" or "robo perjured" signature.

    c.    There next appears an endorsement from Norwest to LaSalle Bank National Association, as Trustee, by "Keith T. Rogers, vice president" for "Norwest Mortgage, Inc." Upon information and belief, this signature was "robo-signed" or "robo perjured," and is null and void. There is also no date thereon.

    d.    Then there is an Allonge attached in which "Greg Geneviva, Vice

President, Wells Fargo Home Mortgage, Inc . " signed for "Wells Fargo Home Mortgage, Inc. Attorney in Fact for Wachovia Bank fka First Union National Bank: as Trustee" to LaSalle National Association, as Trustee. There is no date. Upon information and belief, this allonge was manufactured by LPS for Wells Fargo and has "robo-signed" and/or "robo-perjured" signatures .

31  Based upon these facts, the "Substitution of Trustee" pursuant to which eTitle purported to act in connection with the threatened foreclosure against the Toones is void and a legal nullity

32  The Motion for Relief of Stay was a fraud upon the bankruptcy court and done without any standing. The Order lifting the stay was obtained by fraud."

If these factual allegations are true, then Lundberg, Plott and Middlemas did commit fraud upon the bankruptcy court, and those identified acts violate the sections of the FDCPA cited above.

The Movants' assertion that a claim for relief against Lundberg, Plott and Middlemas has not been properly stated is incorrect and must be rejected.

**C. The Toones Properly State a Claim Against e Title**

Movants do not seem to understand the thrust of the Toones' challenge to the authority of e Title to act as "trustee" under the Toones' Trust Deed.  The Toones allege (a)  that it is entirely unclear who the true and correct owner of the note and trust deed

8

was as of the date that e Title was "substituted" as trustee, (b) that Bank of America, NA was not in fact the current beneficiary (Complaint paragraph 22), and ( c) even if Bank of America, NA were the proper beneficiary, the person who actually signed the Substitution of Trustee did not in fact have authority to sign for and on behalf of BOA (Complaint, paragraph 23).  For any of these – and other reasons set forth in the complaint, the complaint properly alleges that the Substitution of Trustee was void and a legal nullity.

These allegations are not simply an intellectual exercise, nor are they the product of a plaintiff's attorney's fertile imagination.  They are based upon real life headlines from cases where discovery and court decisions have shown that these types of wrongdoing are rampant in foreclosures across the entire nation.

Courts across the country have recently been ruling that the BOAs and Wells Fargo Banks of the world have not been playing fair and honestly with consumers and the courts.  See *U.S. Bank National Association v. Ibanez*, 458 Mass. 637 (Mass. 2011), a copy of which opinion is attached hereto as Exhibit A.

With respect to "robo signing" and "robo perjury" and the LPS system, Plaintiffs ask the Court to take judicial notice of the Third Amended Complaint filed in the case of In re: Jonathan R. Thorne and Darlene Thorne, Bankruptcy Case: 09-11763, Adversary Proceeding No. 10-01172, in the United States Bankruptcy Court for the Northern District of Mississippi, a copy of which is attached hereto as Exhibit B.

The Toones' Complaint alleges that eTitle and Lundberg are members of the LPS

network referred to in the Thorne Third Amended Complaint, and that:

> "24. ... Etitle and Lundberg are aware and know (a) that the true owners of the notes/ trust deeds are New York trusts and not Bank of America and the like, and/or (b) that the notes/ trust deeds were never properly transferred to the New York trusts such that Bank of America (nor LaSalle Bank before it) obtained any rights therein and/or thereto, and (c) that said signatures are manufactured and are false, yet eTitle and Lundberg purport to act as "trustee" under these false and fraudulent substitutions of trustee in hundreds and hundreds of foreclosure cases. 25. In any event, even though the Toones were not in fact in default on the Toones' Note and Trust Deed, Wells Fargo, BOA and eTitle purported to commence foreclosure proceedings against the Toones' Residence."

The Movants claim that the Toones' complaint does not properly plead a breach of fiduciary duty claim against eTitle. Plaintiffs agree with the assertion that under Utah law, a trustee pursuant to a trust deed does not owe a fiduciary duty to the trustor.

However, under Utah law, a trustee owes a duty to act with reasonable diligence and good faith on the trustor's behalf. (*Russell v. Lundberg*, 120 P.3d 541, 546 (Utah App.. 2005)) .

At paragraph no. 64 of the Toones' Complaint, the Toones allege that a trustee owes a duty of good faith and reasonableness to the trustor. The Toones allege, with specificity, that eTitle violated that duty.

These allegations state a claim upon which relief can be granted.

The Toones also claim that eTitle never became properly appointed as substitute trustee, that eTitle knew that it likely was not properly appointed, and that its actions without authority and given this knowledge violated the FDCPA and the UCSPA. The Movants do not challenge any of these claims for relief.

eTitle's challenges to the Complaint should in their entirety be denied.

## CONCLUSION

The motion to dismiss is fatally defective as a motion to dismiss. The motion to dismiss is fatally defective as a motion for summary judgment. Without waiver of those arguments, the motion to dismiss is incorrect with respect to its claims that the Toones' complaint fails to state claims against Movants upon which relief can be granted.

The Toones have raised serious, substantive challenges to the right of these entities to have done any of the acts which they committed with respect to the Toones' residence. The Toones have set forth detailed factual bases for their claims. The Toones have articulated the elements of the various claims for relief. The motion to dismiss should be denied.

DATED this 5th day of April, 2011.

**STEFFENSEN ❖ LAW ❖ OFFICE**

__s/ Brian W. Steffensen ___
Brian W. Steffensen
Attorney for Plaintiffs