# EXHIBIT B

## TRIAL AGREEMENT

# EXHIBIT B

Investor Loan # <u>4913895</u>

# HOME AFFORDABLE MODIFICATION PROGRAM
# LOAN TRIAL PERIOD
# (Step One of Two-Step Documentation Process)

Trial Period Plan Effective Date: 12/01/2009
Borrower ("I")[2]: Bryan W Toone and Jolynne Toone
Lender or Servicer ("Lender"): Wells Fargo Home Mortgage
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 10/12/1998
Loan Number: 591-4913895
Property Address ("Property"): 179 W Paxtone Avenue Salt Lake City, UT 84101

If I am in compliance with this Loan Trial Period and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Loan Modification Agreement, as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan. I understand that after I sign and return two copies of this Plan to the Lender, the Lender will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Lender sign it and Lender provides me with a copy of this Plan with the Lender's signature.

1. **My Representations.** I certify, represent to Lender and agree:
   A. I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. I live in the Property as my principal residence, and the Property has not been condemned;
   C. There has been no change in the ownership of the Property since I signed the Loan Documents;
   D. I am providing or already have provided documentation for all income that I receive (except that I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);
   E. Under penalty of perjury, all documents and information I have provided to Lender pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and
   F. If Lender requires me to obtain credit counseling, I will do so.
   G. If I have been discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Plan. I understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents or to execute the Modification Agreement if the Lender has not received an acceptable title endorsement and/or subordination agreements from other lien holders, as necessary, to ensure that the modified mortgage Loan retains its first lien position and is fully enforceable.

---

[2] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

2. **The Loan Trial Period.** On or before each of the following due dates, I will pay the Lender the amount set forth below $434.00, which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $93.85.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $434.00 | 12/01/2009 |
| 2 | $434.00 | 01/01/2010 |
| 3 | $434.00 | 02/01/2010 |
|  |  |  |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period 12/1/2009-2/1/2010 commencing on 12/1/2009 and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due 3/1/2010 or (ii) termination of this Plan, I understand and acknowledge that:

A.  TIME IS OF THE ESSENCE under this Plan;

B.  Except as set forth in Section 2.C. below, the Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;

C.  If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the lender may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D.  The Lender will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E.  When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F.  If prior to the Modification Effective Date, (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G.  I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan. If under the Lender's procedures, title endorsement(s) and/or subordination agreement(s) are required to ensure that the modified Loan Documents retain first lien position and are fully enforceable, I understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents or to execute the Modification Agreement if the Lender has not received acceptable title endorsement(s) and/or subordination agreement(s) from other lien holders, as Lender determines necessary.

3.  **The Modification.** I understand that once Lender is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Lender will determine the new payment amount. If I comply with the

requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Lender will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. The Modification Agreement will provide that, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the loan. Upon execution of a Modification Agreement by the Lender and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Lender and me for the remaining term of the loan.

4.  **Additional Agreements.** I agree to the following:

    A. That, unless a borrower or co-borrower is deceased, all persons who signed the Loan Documents have signed this Plan.

    B. To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

    C. That this Plan constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

    D. That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

    E. Notwithstanding anything herein to the contrary, if my final two trial period payments are received by Wells Fargo Home Mortgage after the close of business on the 15th calendar day of the last month of the Trial Period but before the end of the Trial Period, I agree that the Trial Period shall be extended by one calendar month (the "Additional Trial Period"). I agree to abide by all terms and provisions of this Trial Period during the additional Trial Period. In addition, I agree to make a Trial Period Payment in the amount of $434.00 no more than 30 days after the last due date listed in the chart in Section 2 above.

    F. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of this Trial Period Plan and the Modification Agreement by Lender to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

In Witness Whereof, the Lender and I have executed this Plan.

Wells Fargo Home Mortgage  
Lender

By: _____

_____  
Date

_____ (Seal)  
Borrower  
11-16-09  
Date

_____ (Seal)  
Borrower  
11-16-09  
Date



# Request for Additional Information
This is the information we need to help you modify your mortgage payments.

Tuesday, March 23, 2010

BRYAN TOONE
JOLYNNE TOONE

Loan Number: 4913895
Client: 591

**Property Address:**
179W PAXTONE AVENUE
Salt Lake City, UT 84101

**Mailing Address:**
179W PAXTONE AVENUE
Salt Lake City, UT 84101

**Subject: Critical documentation needed for the *Home Affordable Modification Program***

Dear BRYAN TOONE , JOLYNNE TOONE

Thank you for the time you've already invested to modify your existing mortgage under the *Home Affordable Modification Program*. As a reminder, you are still in the Trial Period Plan of this program, which requires you to make three timely trial period payments and provide specific documentation to complete your qualification for this program. Please understand that we cannot complete this modification process until we receive all the required documents.

**Documents we still need to complete your *Home Affordable Modification***
As of the date of this letter, we still need the documents that are listed below. We want to help you, but we must receive these documents from you before we can move forward with the mortgage payment relief available under the *Home Affordable Modification Program*.

**Please keep a copy of all documents for your records. Copies of income documentation are acceptable; there's no need to send originals.**

1. A completed, signed and dated copy of the IRS Form 4506T (Request for Transcript of Tax Return) that we previously mailed you. Please print legibly and clearly.

2. Documentation to verify all of the income of each borrower (including any alimony or child support that you choose to rely upon to qualify).

    **For each borrower who is a salaried employee:**

    • Complete, signed and dated copy of the most recent filed federal tax return including all schedules

    • Copy of the two most recent pay stubs

    • Signed and dated letter on employer's letterhead to verify year to date earnings

    • Signed and dated letter on employer's letterhead verifying hire date

**Send us the documents no later than Friday, April 02, 2010** (In the enclosed overnight envelope or by fax)

• **Using the enclosed overnight envelope:** Simply insert the documents, seal the envelope and return it to the shipping location or drop box (we've already attached the shipping label). To find a shipping location near you, call the telephone number listed on the overnight envelope.
• **By fax:** Use the enclosed fax cover page and be sure to include your telephone number, date and a list of the documents you are faxing.

If we do not hear from you by Friday, April 02, 2010, a representative of Wells Fargo may contact you about coming to your home to help you complete the documents, answer your questions and obtain the documentation the program requires. If our representative comes to your door, he or she is merely there to help you.

**What happens if we do not receive your documentation**
If you do not send us the documents, we cannot help you and your Trial Period Plan will end and the normal servicing/collection process will continue uninterrupted. The government guidelines only allow you one opportunity for relief under the *Home Affordable Modification Program*. That's why we strongly encourage you to send us the requested documents by Friday, April 02, 2010. If you've already sent them in, thank you and please disregard this notice.

**Call us for additional assistance at 1-877-335-1909, Ext. 54730.**
We want to help you, so please send in your documents by the date noted above. If you have any questions about the information in this letter, please call me immediately at 1-877-335-1909, Ext. 54730. Or, you may obtain additional assistance from a HUD approved, non-profit credit counseling agency. A counselor will work closely with you to lower your other monthly payments, take your financial circumstances into consideration, and create a

Page 2

budget plan that may work for you. To find a local agency, call 1-800-569-4287 or the HOPE Hotline at 1-888-995-HOPE.

Wells Fargo does not charge a fee for you to receive modification assistance or information on your mortgage. We urge you to avoid anyone who asks for a fee for credit counseling or a loan modification, asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than Wells Fargo Home Mortgage.

Also, please call us:
• If your situation has changed
• If you can no longer afford the trial period payments, but want to remain in your home
• If you want to leave your home and avoid foreclosure

Sincerely,


Kaela Webster
_____
Underwriter/Mortgage Specialist
1-877-335-1909, Ext. 54730

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt, however we have a security interest in the property and will only exercise our rights as against the property.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trace Commission at 1-877-FTC-HELP or www.ftc.gov.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. ©2009 Wells Fargo Bank, N.A. All rights reserved. Equal Housing Lender



# Internal Use Only



# Fax

**To:** Doc Management

**Fax:** 1-866-967-2752

**Phone:** 1-877-335-1909, Ext. 54730

**Subject:** Loan# 4913895

**Doc Type:** 50078

**From:** Kaela Webster

**Pages:**

**Date:** Tuesday, March 23, 2010

**Request for Additional Information**

Place in shred bin after use.

This facsimile transmission is confidential and may be privileged. It is intended for the use of the addressee only. If you are not the addressee (or the person responsible for delivering the transmission to the addressee), do not use this transmission in any way, but promptly contact the sender by telephone. Thank you.



# Fax

**To:** Doc Management           **From:** BRYAN TOONE

**Fax:** 1-866-359-7363          **Pages:**

**Phone:**                       **Date:**

**Subject:** Loan# 4913895

**Documents Included:**

This facsimile transmission is confidential and may be privileged. It is intended for the use of the addressee only. If you are not the addressee (or the person responsible for delivering the transmission to the addressee), do not use this transmission in any way, but promptly contact the sender by telephone. Thank you.

Page 5