**Brian W. Steffensen (3092)**
**STEFFENSEN ❖ LAW ❖ OFFICE**
448 East 400 South, Suite 100
Salt Lake City, Utah 84111
Telephone (801) 485-3707
Facsimile (801) 485-7140
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE STATE OF UTAH

| | |
|---|---|
| Bryan Toone and JoLynne Toone<br><br>v.<br><br>Wells Fargo Bank. NA;<br>Premier Mortgage Corp. Of America;<br>Accubank Mortgage Corporation dba<br>Accumortgage Corporation;<br>Norwest Mortgage, Inc.;<br>LaSalle Bank N.A., as Trustee;<br>Bank of America, NA;<br>eTitle Insurance Agency;<br>Lundberg & Associates;<br>Kent W. Plott;<br>Mark S. Middlemas;<br>Does 1-50 | Memorandum in Support of<br>Plaintiffs' Motion (1) for Leave to File their<br>First Amended Complaint and (2) to Strike<br>Wells Fargo's Reply Memorandum<br><br><br><br><br><br>Civil No. 2:11-cv-00170-TS<br><br>Judge Ted Stewart |

     The Plaintiffs and move the Court for (1) an Order granting them leave to file their First Amended Complaint and (2) for an Order striking Wells Fargo's Reply Memorandum – which should be granted because:

1. Because Plaintiffs waited too long after being served with the motions to dismiss tofile their First Amended Complaint, leave under Rule 15 is required.  Plaintiff's formally ask the Court for permission to file said First Amended Complaint.

2. The amendment should be granted because it will clean up the pleading and address other concerns of the defendant as pointed out in Plaintiffs' memorandum in opposition to

      Wells Fargo's motion to dismiss.

3.      Wells Fargo's Reply memorandum contains significant new arguments which were not found in its first memorandum and are therefore improper. Plaintiffs have no opportunity under the Rules to address/ oppose them.

## ARGUMENT

**I.    Plaintiffs' Motion for Leave to Amend Should be Granted**

The court should allow the First Amended Complaint because:

a.    It removes claims which the defendants have objected to and cleans up the pleadings;

b.    It more fully articulates and pleads other claims to resolve other objections of the defendant;

c.    Consequently, this case can proceed much more expeditiously and properly if the amendment is allowed.

d.    Leave to amend should be freely granted – this case is so new that there is no prejudice.

**II.    The New Material in the Reply Memorandum Should be Stricken**

The only thing that plaintiffs agree with in the Reply memorandum is that plaintiffs do need to seek the Court's permission to file their First Amended Complaint.

Otherwise, the Reply memorandum is full of new arguments – not raised in Wells Fargo's original memorandum in support of its motion to dismiss. It is improper and unfair to raise new arguments for the first time in a Reply memorandum. Plaintiffs have no opportunity under the Rules to address and/or oppose those newly raised arguments.

For instance, Plaintiffs pointed out in their opposition that Wells Fargo failed to articulate any reason for the dismissal of most of the declaratory relief which Plaintiffs seek.  Wells Fargo's reply memorandum belatedly seeks to assert challenges to these other portions of Plaintiffs' declaratory relief claims.  That is not fair and should not be allowed.

The Reply contains so many new arguments, that it really should be stricken in its entirety.

The motion to dismiss should be decided based upon the originally articulated reasons, as opposed by Plaintiffs' memorandum in opposition.

DATED this 6th day of June 2011.

**STEFFENSEN ❖ LAW ❖ OFFICE**
\_\_\_/s/ Brian W. Steffensen \_\_\_\_
Brian W. Steffensen
Attorney for Plaintiffs