James D. Gardner (8798)
Stewart O. Peay (9584)
M. Lane Molen (11724)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800
jgardner@swlaw.com
speay@swlaw.com
lmolen@swlaw.com

*Attorneys for Defendants Wells Fargo
Bank, N.A., Norwest Mortgage, Inc.,
LaSalle Bank N.A., and
Bank of America, N.A.*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BRYAN TOONE and JoLYNNE TOONE,**<br><br>                              Plaintiffs,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.; PREMIER MORTGAGE CORP. OF AMERICA; ACCUBANK MORTGAGE CORPORATION DBA ACCUMORTGAGE CORPORATION; NORWEST MORTGAGE, INC.; LaSALLE BANK N.A.,** as Trustee**; BANK OF AMERICA, NA; eTITLE INSURANCE AGENCY; LUNDBERG & ASSOCIATES; KENT W. PLOTT; MARK S. MIDDLEMAS; DOES 1-50;**<br><br>                              Defendants. | **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION (1) FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND (2) TO STRIKE WELLS FARGO'S REPLY MEMORANDUM**<br><br>Case No. 2:11-cv-00170-TS<br><br>Honorable Ted Stewart |

13267063

Pursuant to DUCivR 7-1, Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), LaSalle Bank, N.A., Bank of American, N.A. and Norwest Mortgage, Inc. (collectively, the "Wells Fargo Defendants"), through counsel, respectfully submit this *Memorandum in Opposition* to *Plaintiffs' Motion (1) for Leave to File Their First Amended Complaint and (2) to Strike Wells Fargo's Reply Memorandum*.

## SUMMARY

In response to Plaintiffs' Complaint, the Wells Fargo Defendants moved this Court, pursuant to Rule 12(b)(6), to dismiss the Complaint because it failed to state a claim upon which relief could be granted ("Motion to Dismiss"). In opposing the Wells Fargo Defendants' Motion to Dismiss, Plaintiffs not only filed an opposition memorandum, but also filed a First Amended Complaint.[1] In response to Plaintiffs' opposition to the Motion to Dismiss and proposed First Amended Complaint, the Wells Fargo Defendants filed a Motion to Strike the First Amended Complaint and a combined memorandum in support of the Motion to Strike and in reply supporting the Motion to Dismiss (collectively "Joint Memorandum"). In the Joint Memorandum, the Wells Fargo Defendants argued that both Plaintiffs' Complaint and proposed First Amended Complaint failed to state a claim upon which relief could be granted. In response, Plaintiffs now seek (1) formal leave to file their First Amended Complaint; and (2) to strike Wells Fargo's Joint Memorandum because it contains "new" arguments. Plaintiffs' motion should be denied for the following reasons:

First, Plaintiffs' motion to strike should be denied because the Joint Memorandum properly responds to arguments made in Plaintiffs' opposition to the Motion to Dismiss and supports the Wells Fargo Defendants' Motion to Strike the proposed First Amended Complaint.

While Plaintiffs attempt to categorize the Joint Memorandum as simply a "reply" in support of the Motion to Dismiss, Plaintiffs fail to recognize that the Joint Memorandum was filed not only in support of the original Motion to Dismiss, but also in support of the Motion to Strike the proposed First Amended Complaint on the grounds that amendment would be futile.  In other words, the Joint Memorandum properly responds to arguments or new theories advanced by the Plaintiffs and this Court should consider it in deciding the pending motions.[2]

Second, for the reasons set forth in detail in the Joint Memorandum,[3] this Court should deny Plaintiffs' motion for leave to file the First Amended Complaint because the causes of actions set forth in the First Amended Complaint all fail as a matter of law and, thus, amendment would be futile.  While many of the causes of action from original Complaint remain in the proposed First Amended Complaint (and fail for the reasons set forth in the Motion to Dismiss), the revised causes of action in the First Amended Complaint (the declaratory relief and contract claims) still fail as a matter of law, and thus this Court should deny Plaintiffs' motion to amend.

## FACTS

1.     Plaintiffs originally filed their Complaint in this matter in Utah State Court on January 3, 2011.  [Dkt. No. 2.]  On January 18, 2011, Plaintiffs served a copy of their Complaint on Wells Fargo.  (Id.)  The Plaintiffs alleged the following five causes of action against the Wells Fargo Defendants: (i) Declaratory Judgment; (ii) Fair Debt Collection Practices Act ("FDCPA") violations; (iii) Utah Consumer Sales Practices Act ("UCSPA") violations; (iv) Breach of

---

[1] Because Plaintiffs filed the First Amended Complaint more than 21 days after Wells Fargo Defendants filed the Motion to Dismiss, Plaintiffs were required to obtain leave of court to file the First Amended Complaint.  See Fed. R. Civ. P. 15(a)(1).  Plaintiffs did not request or obtain leave before filing and serving the First Amended Complaint.

[2] In the alternative, the Court should consider the arguments made in the Joint Memorandum as part of the Wells Fargo Defendants' opposition to Plaintiffs' current motion to amend.

[3] The arguments in the Joint Memorandum [Dkt. Nos. 25, 27] are incorporated herein by reference.

13267063

Contract/Duty of Good Faith and Fair Dealing; and (v) Real Estate Settlement Procedures Act ("RESPA") violations.  (Id.)

2.     On February 22, 2011 the Wells Fargo Defendants filed their Motion to Dismiss [Dkt. No. 5.]  In their Memorandum in Support of Motion to Dismiss, the Wells Fargo Defendants addressed each cause of action that Plaintiffs directed at the Wells Fargo Defendants in the Complaint.  [Dkt. No. 6.]

3.     On April 15, 2011, Plaintiffs filed (i) an opposition to the Wells Fargo Defendants' Motion to Dismiss and (ii) the First Amended Complaint.  [Dkt. Nos. 21-22.]

4.     In their opposition, Plaintiffs stated, "Wells Fargo Defendants' Motion to Dismiss – as applied to the First Amended Complaint – should be denied because: The gravamen of this complaint is the allegation that the purported endorsements on the Toone Note are defective for many reasons, such that neither LaSalle nor [Bank of America] ever legally became the owner/ endorsee of the Toone Note."  [Dkt. No. 22 at 2.]  Among other things, Plaintiffs noted that they amended their claim for declaratory relief and breach of contract.  Plaintiffs likewise conceded in their opposition that they needed to "make their challenge to the validity of the actions of LaSalle/ BOA and eTitle more clear."  [Dkt. No. 22 at 2.]

5.     On May 10, 2011, the Wells Fargo Defendants filed a (i) Motion to Strike the First Amended Complaint; and (ii) a joint memorandum in reply in support of the Motion to Dismiss and in support of the Motion to Strike.  [Dkt. Nos. 25-27].  In the Joint Memorandum, Wells Fargo Defendants argued that the causes of action found in both the Complaint and Amended Complaint failed to state a claim for relief and opposed amendment as futile.

6.     On June 6, 2006, Plaintiffs filed their Motion (1) for Leave to File their First Amended Complaint and (2) to Strike Wells Fargo's Reply Memorandum.  [Dkt. No. 31.]

13267063

**ARGUMENT**

This Court should consider all of the arguments found in the Joint Memorandum and deny Plaintiffs leave to file the First Amended Complaint. In violation of Rule 15(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs, without seeking leave from this Court or a stipulation of the parties, filed and served their First Amended Complaint more than 21 days after Wells Fargo Defendants filed their Motion to Dismiss. In their opposition to the Motion to Dismiss, Plaintiffs conceded that the Complaint could not overcome the Motion to Dismiss and asked this Court to consider the First Amended Complaint. The first two pages of the Plaintiffs' memorandum in opposition to the Motion to Dismiss listed several deficiencies found in the Complaint and stated that in order to mitigate these deficiencies, Plaintiffs "have filed the First Amended Complaint herein."  Memo. in Opp. at 1-2.

As a result of Plaintiffs' admission that their Complaint was deficient and Plaintiffs' improper filing of the First Amended Complaint, Wells Fargo Defendants both moved to strike the First Amended Complaint and also argued that allowing the Plaintiffs to file the First Amended Complaint would be futile. The Joint Memorandum contains the arguments both in support of the Motion to Strike the First Amended Complaint as well in reply to the Motion to Dismiss. Plaintiffs have provided no basis for this Court to not consider these arguments in deciding the pending motions.

**A.    The Court Should Consider All of the Arguments in the Joint Memorandum.**

Wells Fargo Defendants' arguments in the Joint Memorandum appropriately respond to either (i) arguments made by Plaintiffs in opposition to the Motion to Dismiss; or (ii) Plaintiffs attempt to file the First Amended Complaint. In their opening memorandum in support of their Motion to Dismiss, the Wells Fargo Defendants argued that Plaintiffs' Complaint fails as a

13267063

matter of law. Recognizing the deficiencies in the Complaint, Plaintiffs filed the First Amended Complaint and argued in their opposition to the Motion to Dismiss that this Court should consider the new allegations in their Amended Complaint related to their declaratory relief claim and contract claims.[4] The Wells Fargo Defendants appropriately responded to these new allegations claiming that they are futile in moving to strike the First Amended Complaint. "A court may …deny a motion for leave to amend when it would be futile to allow the plaintiff an opportunity to amend the complaint." Eyre v. GB Mortgage, LLC, No. 2:10-cv-717, 2011 U.S. Dist. LEXIS 55429, at *10, (D. Utah May 23, 2011); citing Hall v. BellmonHall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Specifically, in the Joint Memorandum the Wells Fargo Defendants argued that considering Plaintiffs' new allegations regarding declaratory relief would be futile because a party cannot ask for declaratory relief to right past wrongs. See Joint Reply Memorandum at 5; citing Scarborough v. LaSalle Bank, 2011 U.S. Dist. LEXIS 43600, *8-*9 n.3 (D. Utah April 21, 2011) (quoting Volvo Constr. Equip. N. Am., Inc. v. CLM Equip Co., 386 F.3d 581, 593-94 (4th Cir. 2004)). The Wells Fargo Defendants also argued in the Joint Memorandum that Plaintiffs lack standing to challenge the transfers of the Note. See Joint Reply Memorandum at 5-7.

---

[4] The Plaintiffs did not include any new allegations in the First Amended Complaint related to their FDCPA, UCSPA and RESPA claims and arguments in the Joint Memorandum related to these claims include no new or different arguments from those found in the memorandum in support of the Motion to Dismiss. For instance, in response to the FDCPA claims, in both the memorandum in support of Motion to Dismiss and the Joint Memorandum, Wells Fargo Defendants' arguments are based upon the theory that the Wells Fargo Defendants are not subject to the provisions of the FDCPA. (Compare, Memo. in Support at 9, with Joint Reply Memo. at 9.) With respect to the UCSPA claim, the Wells Fargo Defendants rely on the argument that the transaction at issue is not a "consumer transaction" as defined by the governing statute. (Compare, Memo. in Support at 10-12, with Joint Reply Memo. at 10.) Wells Fargo Defendants argue in both memoranda that Plaintiffs' RESPA allegations do not contain any allegations for damages related to failings under RESPA, rather Plaintiffs damages were due to Wells Fargo Defendants foreclosure on a mortgage that was indisputably in default. Likewise, the Wells Fargo Defendants argue in both memoranda that Plaintiffs allegations are conclusory and that the behavior that is alleged does not violate RESPA. (Compare, Memo. in Support at 13-14, with Joint Reply Memo. at

13267063

Finally, the Wells Fargo Defendants argued that the allegations related to the alleged fraud on the Court were subject to *res judicata* under Utah law.  See Joint Reply Memorandum at 5-7.

In the Joint Memorandum, the Wells Fargo Defendants also responded to new arguments made by the Plaintiffs in their opposition to the Motion to Dismiss.  While the allegations in support of Plaintiffs' breach of contract claims set forth in the Complaint and First Amended Complaint are too vague to determine what claim is being made therein, in their opposition to the Motion to Dismiss, Plaintiffs argue that the Wells Fargo Defendants violated an agreement allegedly made under HAMP.  See First Amended Complaint ¶¶ 72-74 [Dkt. No. 21] and Plaintiffs Memo. in Opp. pp.6-7 [Dkt. No. 22].  In the Joint Memorandum, Wells Fargo Defendants' argued that this type of claim has been explicitly rejected by this Court.  See Joint Memorandum at 10-12.  Thus, there is no basis for Plaintiffs' breach of contract claims as pled in the Complaint or First Amended Complaint.

Finally, Plaintiffs cannot claim that they did not have an opportunity to respond to any of the arguments made by the Wells Fargo Defendants in the Joint Memorandum.  Under the Federal Rules of Civil Procedure, Plaintiffs had the right to oppose the Motion to Strike and the legal arguments in the Joint Memorandum.  To date Plaintiffs have not made any substantive arguments in response to the Motion to Strike and the arguments set forth in the Joint Memorandum.  Thus, any claim by Plaintiffs that they had no opportunity to refute the arguments made in the Joint Memorandum is baseless.

**B.      Granting Plaintiffs' Leave to File the Amended Complaint Would be Futile.**

As set forth in detail in the Motion to Strike and the Joint Memorandum, and incorporated herein by reference, this Court should deny Plaintiffs leave to file the First

13-15.)
13267063

Amended Complaint because it would be futile as the claims pled in the First Amended Complaint fail as a matter of law.  In seeking leave to file the First Amended Complaint, Plaintiffs once again had the opportunity to respond to the Wells Fargo Defendants' substantive arguments as to why filing the First Amended Complaint would be futile, and Plaintiffs have failed to make any substantive response.  Contrary to Plaintiffs' contention, the First Amended Complaint does not remove the objections of the Wells Fargo Defendants.  Based upon the arguments set forth above and in the Joint Memorandum in more detail, this Court should deny Plaintiffs leave to file the First Amended Complaint and strike the First Amended Complaint now on file with the Court.

## Conclusion

This Court should deny Plaintiffs' leave to file the First Amended Complaint and grant Wells Fargo Defendants' Motion to Dismiss the Motion to Strike First Amended Complaint.  Allowing the First Amended Complaint would be futile because it does not state a claim upon which relief can be granted.  This Court should consider the arguments in the Joint Memorandum when considering Wells Fargo Defendants' Motion to Dismiss and Motion to Strike because the arguments in the Joint Memorandum are properly before the Court.  These arguments, which are incorporated herein, should also be considered in denying Plaintiffs' Motion for Leave to File their First Amended Complaint.

DATED this 30th day of June, 2011.

**Snell & Wilmer L.L.P.**

/s/ Stewart O. Peay
*Attorneys for Defendants Wells Fargo Bank, N.A., Norwest Mortgage, Inc., LaSalle Bank N.A., and Bank of America, N.A.*

13267063

## CERTIFICATE OF SERVICE

I certify that on this 30th day of June, 2011, a true and correct copy of the foregoing was served electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian W. Steffensen
448 E. 400 S., Suite 100
Salt Lake City, UT 84111

    /s/    Stewart O. Peay

13267063