**Brian W. Steffensen, 3092**
**STEFFENSEN ❖ LAW ❖ OFFICE**
448 East 400 South, Suite 100
Salt Lake City, Utah 84111
Telephone (801) 485-3707
Facsimile (801) 485-7140
Attorneys for Plaintiffs

## IN THE THIRD DISTRICT COURT
## IN AND FOR THE STATE OF UTAH, SALT LAKE DEPARTMENT

| | |
|---|---|
| Bryan Toone and JoLynne Toone<br><br>v.<br><br>Wells Fargo Bank. NA;<br>Premier Mortgage Corp. Of America;<br>Accubank Mortgage Corporation dba Accumortgage Corporation;<br>Norwest Mortgage, Inc.;<br>LaSalle Bank N.A., as Trustee;<br>Bank of America, NA;<br>eTitle Insurance Agency;<br>Lundberg & Associates;<br>Kent W. Plott;<br>Mark S. Middlemas;<br>Does 1-50 | **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO RECONSIDER DECISION**<br><br><br>Civil No. Case No. 2:11-CV-170-TS<br><br>Judge Ted Stewart |

Plaintiffs' Bryne Toone and JoLynne Toone respectfully submit this memorandum in support of their motion to amend their complaint and for the court to reconsider its September 27, 2011 decision dismissing plaintiffs' complaint.

### MATERIAL FACTS

1. Plaintiffs filed a complaint commencing this action on or about January 3, 2011.

2. Although it did not specifically denominate any of the claims for relief as being a 'quiet title action," that is exactly the relief which was sought via the declaratory relief claims.

3. Plaintiffs' complaint also sought monetary damages under the FDCPA, UCSPA, breach of duty, breach of contract, breach of duty of good faith and fair dealing and RESPA.

4. Plaintiffs' complaint was dismissed for failure to state a cause of action on September 27, 2011.

5. Plaintiffs' have prepared and submit herewith a revised First Amended Complaint which does not seek relief under FDCPA or UCSPA, but does seek declaratory relief that the purported foreclosure on the plaintiffs' home was illegal and invalid, and asks this Court to quiet title to their home in the Toones. It also alleges that the defendants committed common law fraud and breached their contractual obligations and duties to Toones.

## ARGUMENT

I. **IT WOULD NOT BE FUTILE TO ALLOW PLAINTIFFS' FIRST AMENDED COMPLAINT WHICH ADEQUATELY ALLEGES CAUSES OF ACTION.**

"The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006). After a responsive pleading has been filed, parties like Plaintiffs in this action can only amend their complaint "by leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Leave to amend should be freely given unless there is a showing of: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously

allowed; (4) undue prejudice to the opposing party; or (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the plaintiffs respectfully argue that the Court was mistaken to dismiss their declaratory relief claims and not allow them to challenge the sufficiency of the purported foreclosure and to quiet title to their home.

The basis for the Court's dismissal of those claims was not alleged by the defendants and not briefed by the parties. If the plaintiffs had been given notice and an opportunity to brief the alleged defect in these causes of action, plaintiffs are confident that they would have been able to convince the Court that there was in fact no defect in the declaratory relief which the plaintiffs pleaded in their prior proposed First Amended Complaint. Plaintiffs believe that it was error to dismiss those claims on that grounds without notice and an opportunity to brief those issues.

Plaintiffs' causes of action were dismissed due to an alleged "futility of amendment." As will be shown hereafter, there is not in fact any 'futility of amendment" and the plaintiffs should be allowed to proceed with their First Amended Complaint.

## II.     PLAINTIFFS' DECLARATORY RELIEF CAUSE OF ACTION IS AUTHORIZED BY FEDERAL RULES AND STATUTES AND UTAH LAW.

Section 78B-6-401, Utah Code Ann. specifically authorizes and approves declaratory judgments in Utah to "determin[e] rights, status, and other legal relations[.] Section 78B-6-401 also provides, "An action or proceeding may not be open to objection on the ground that a declaratory judgment or decree is prayed for." Section 78B-6-401 states, "The declaration may

be either affirmative or negative in form and effect and shall have the force and effect of a final judgment or decree."

Fed.R.Civ.Proc. 57 specifically authorizes and provides for procedures to obtain a declaratory judgment in federal court.

Title 28 U.S.C., Chapter 151, § 2201, authorizes declaratory judgment relief in "any court of the United States" and specifies the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Section 2201 provides "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

Under related § 2202, "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

Accordingly, Toones' causes of action for a declaratory judgment is authorized by Utah statute, the Federal Rules of Civil Procedure, and Federal statute.

### III. PLAINTIFFS' ADEQUATELY ALLEGE COMMON LAW FRAUD.

Plaintiffs' allege common law fraud because the defendants foreclosing on their property do not own the trust deed and note on plaintiffs' property, the purported substitute trustee was not appointed lawfully, and proper foreclose proceedings have not been filed, because, among other reasons, a robo-signer handled the purported foreclosure.

This adequately states a cause of action under the facts alleged.  *See, e.g., Ohio v. GMAC Mortgage*, 760 F.Supp.2d 741 (Ohio Dist. Ct. 2011) (bank's alleged practice of foreclosing with robo-signed false documents and affidavits to foreclosure stated causes of action based on common law fraud and violations of Ohio's version of the Utah Consumer Sales Practices Act in diversity action); *OneWest Bank, FSB v. Drayton*, 910 N.Y.S.2d 857 (2010) (injunction prohibiting foreclosure sale until bank demonstrates its properly acquired trust deed and note, its nominee [equivalent of substitute trustee] was duly authorized to act, and documents were not robo-signed by person claiming to have personal knowledge but who lacks such knowledge); *IndyMac Federal Bank, FSB v. Garcia*, 2011 NY Slip Op 31748 (foreclosure based on robo-signer determined fraudulent, vacated and enjoined and declared null and void).  In Utah, a trustee and substitute trustee are bound by a fiduciary duty to act in the interest of trustors, in this case plaintiffs.  *Five F, LLC*, 2003 UT App. 373 at ¶ 17, 81 P.3d 105; *First Security Bank, NA v. Banberry Crossing*, 780 P.2d 1253, 1256 (Utah 1989).

IV.  **PLAINTIFFS' CAUSES OF ACTION TO QUIET TITLE AND FOR BREACH OF FIDUCIARY DUTY ARE CAUSES OF ACTION ROUTINELY FILED IN FEDERAL COURT AND AUTHORIZED BY LAW**.

The First Amended Complaint submitted herewith contains a cause of action for quiet title seeking that title to the property in controversy be quieted in Toones. Plaintiffs believe that their declaratory relief claims in the previously proposed First Amended Complaint were a request to quiet title in their home.  Out of an abundance of caution, the plaintiffs include in their newly proposed First Amended Complaint a separate "quiet title" cause of action.

Section 78B-6-1301, Utah Code Ann. provides for quiet title actions and states, "A person may bring an action against another person to determine rights, interests, or claims to or in personal or real property."

Causes of action for breach of fiduciary duty and breach of contract are garden variety causes of action frequently filed in federal court.  Toones adequately state causes of action alleging they are entitled to relief under these theories.

## CONCLUSION

Plaintiffs' proposed First Amended Complaint adequately alleges causes of action against defendants based on their request for declaratory relief, quiet title, common law fraud, breach of duty, breach of contract and violation of RESPA.  It is respectfully requested that Toones be allowed to file their First Amended Complaint and the court reconsider dismissal of their complaint.

Dated this 17th day of October, 2011.

STEFFENSEN ❖ LAW ❖ OFFICE

/s/ Brian W. Steffensen

Brian W. Steffensen