James D. Gardner (8798)
Stewart O. Peay (9584)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800
jgardner@swlaw.com
speay@swlaw.com
*Attorneys for Defendants* Wells Fargo
Bank, N.A., Norwest Mortgage, Inc.,
LaSalle Bank N.A., and
Bank of America, N.A.

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BRYAN TOONE and JoLYNNE TOONE,**<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.;**<br>**PREMIER MORTGAGE CORP. OF**<br>**AMERICA; ACCUBANK MORTGAGE**<br>**CORPORATION DBA**<br>**ACCUMORTGAGE CORPORATION;**<br>**NORWEST MORTGAGE, INC.;**<br>**LaSALLE BANK N.A.,** as Trustee**;**<br>**BANK OF AMERICA, NA; eTITLE**<br>**INSURANCE AGENCY; LUNDBERG &**<br>**ASSOCIATES; KENT W. PLOTT; MARK**<br>**S. MIDDLEMAS; DOES 1-50;**<br><br>Defendants. | **DEFENDANTS WELLS FARGO BANK,**<br>**N.A., NORWEST MORTGAGE, INC.,**<br>**LASALLE BANK N.A. AND BANK OF**<br>**AMERICA'S OPPOSITION TO MOTION**<br>**FOR LEAVE TO FILE AMENDED**<br>**COMPLAINT AND TO RECONSIDER**<br>**DECISION**<br><br><br>Case No. 2:11-cv-00170-TS<br><br>Honorable Ted Stewart |

Defendants Wells Fargo Bank, N.A., Norwest Mortgage, Inc., LaSalle Bank N.A., and Bank of America, N.A. (collectively "**Wells Fargo Defendants**"), through counsel, respectfully submit their *Opposition to Motion for Leave to File Amended Complaint and to Reconsider Decision* as follows:

## SUMMARY

Plaintiffs Bryan Toone and JoLynne Toone's ("**Plaintiffs**") commenced this action on January 3, 2011.  After the Wells Fargo Defendants moved to dismiss, Plaintiffs sought leave to file an amended complaint.  The Wells Fargo Defendants opposed that motion on the grounds that the amended complaint would be futile.  On September 27, 2011, this Court granted the Wells Fargo Defendants' motion to dismiss with prejudice and denied Plaintiffs' motion to amend the complaint (the "**Order**").  Despite this Court's decision, Plaintiffs now again seek leave to file a different amended complaint as well a reconsideration of this Court's Order dismissing this case (the "**Motion**").  In seeking to file their proposed amended complaint, Plaintiffs improperly rely on Rule Federal Rule of Civil Procedure 15(a).  Once this Court dismissed this case, Rule 15(a) no longer is applicable unless the dismissal is set aside.  Plaintiffs, however, cannot and do not even attempt to meet the standards under Rules 60(b) or 59(e) to have the Order set aside.  Thus, Plaintiffs' Motion should be denied because Plaintiffs cannot amend a dismissed complaint and they cannot (nor have they even properly attempted) to have this Court's Order dismissing this case set aside.

## ARGUMENT

In Plaintiffs' *Memorandum in Support of Motion for Leave to File Amended Complaint and to Reconsider Decision* (the "**Memorandum**"), they devote the bulk of their argument to their position that amendment of the complaint would not be futile because they have valid claims now.[1]  *See* Memorandum, at 2–6.  But this argument puts the proverbial cart before the horse.  Before Plaintiffs can amend their complaint, they first must get the Order dismissing their case set aside or vacated.  Plaintiffs have not taken this step and lack a basis for doing so.  Therefore, the Motion should be denied.

### A.  Plaintiffs Cannot Amend a Dismissed Complaint.

The Tenth Circuit has repeatedly and unequivocally held that, once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.  *Tool Box Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005); *Combs v. Pricewaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004) ("After a district court enters a final judgment, as occurred here, it ***may not*** entertain motions for leave to amend unless the court first sets aside or vacates the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." (emphasis added)).  "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is

---

[1] Even if they could get the Court's Order set aside, Plaintiffs still should not be allowed to file their proposed Amended Complaint because it is futile for the same reasons found in this Court's Order or because Plaintiffs' new claims have been rejected by this Court. For example, while Plaintiffs add a new claim for "quiet title," such a claim fails as a matter of law because it is undisputed that Plaintiffs defaulted on their loan and this Court has repeated held that plaintiff in a quiet title action "must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." *Church v. Meadow Springs Ranch Corp.*, 659 P.2d 1045, 1048-49 (Utah 1983). *See also Marty v. Mortg. Elec. Reg. Sys.*, No. 1:10-cv-00033-CW, 2010 U.S. Dist. LEXIS 111209, at *27-28 (D. Utah. Oct. 19, 2010) (dismissing quiet title claim where the plaintiff merely "attack[ed] any claim of title by Defendants" on the grounds that "'[t]he failure of [Defendants] to retain any interest in the obligations under the Notes voided any title or power they might have under the Trust Deeds, and rendered the Trust Deed unenforceable by them.'")

contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Tool Box*, 419 F.3d at 1087.

Moreover, a district court need not treat a motion to amend as including a Rule 59(e) motion to amend judgment or a Rule 60(b) motion for relief from judgment. *Combs*, 382 F.3d at 1205. If a party fails to file the necessary prerequisite motion, that failure moots the motion to amend. *Id.* As the *Combs* court explained:

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation.

*Id.* at 1205 (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)).

The courts' "wariness" in these instances increases when the amendment is not based on new evidence, and the amendment is merely the presentation of an alternate legal theory that was readily available prior to the entry of judgment. *Id.* at 1206. A judgment generally will be set aside only to accommodate some new matter that could not have been asserted, which means that relief will not be available in many instances in which leave to amend would be granted in the prejudgment situation. *Tool Box*, 419 F.3d at 1087. Although Rule 15(a) provides that leave to amend "shall be freely granted when justice so requires," it is equally true that "this presumption is inverted where a plaintiff seeks to amend her complaint after judgment has been rendered." *Smedley v. Corrections Corp. of Am.*, 175 Fed. Appx. 943, 947 (10th Cir. 2005).

Under this body of case law, Plaintiff's Motion should be denied. Plaintiffs make only a passing reference to asking the Court "to reconsider its September 27, 2011 decision dismissing [the] complaint." *See* Motion. Instead, Plaintiffs employ Rule 15(a) in an effort to amend their complaint without first addressing the Order that dismissed their complaint. Plaintiffs cannot benefit from the presumption in favor of amended pleadings at this stage in the proceeding.

Moreover, the Court need not and should not infer from the Motion an argument for vacating the Order of dismissal. Therefore, the Motion should be denied.

**B.     Plaintiffs Have Not Satisfied Rule 60(b).**

Even if the Court infers a Rule 60(b) motion here, that motion should be denied. Unlike the liberal amendment policy of Rule 15(a), a party moving under Rule 60(b) will be successful only if he first demonstrates that the judgment should be set aside for one of the six reasons specified in the rule. *Tool Box Inc.*, 419 F.3d at 1087. Those six grounds for relief are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). In their briefing in the Memorandum, Plaintiffs offer no explanation at to how any of these six reasons apply to their case. To take the most plausible example, Plaintiffs have not presented any newly discovered evidence. Rather, the Memorandum merely identifies several statutes and cases that Plaintiffs argue (or reargue) support their claims. *See* Memorandum, at 3–6. A Rule 60(b) motion is not proper simply to make the same argument that have already been rejected by the Court. Because Plaintiffs cannot meet any of the grounds above, their Motion should be denied.

### C. Plaintiffs Have Not Satisfied Rule 59(e).

Plaintiffs likewise cannot obtain relief under Rule 59(e) motion either. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. In other words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Again, Plaintiffs have not shown how any of these grounds apply. The key points of law that supported dismissal of Plaintiffs' complaint have not been called into question. No new evidence has been presented. And there is no evidence that the Court committed a clear error in granting the motion to dismiss. Therefore, even if the Court treats Plaintiffs' Motion as a motion to reconsider under Rule 59(e), such a motion should be denied.

### CONCLUSION

Plaintiffs' Motion is unfounded. A motion for leave to amend a complaint is not granted liberally where, as in this case, the court has already granted a motion to dismiss the complaint. In passing, Plaintiffs ask the Court to "reconsider" its order, but Plaintiffs offer no support for a Rule 60(b) or Rule 59(e) motion to amend or vacate the judgment. Without this unavoidable step, it is not enough that Plaintiffs think they now have a complaint that could survive dismissal. For these reasons, Plaintiffs' Motion should be denied.

DATED this 2nd day of November, 2011.

**Snell & Wilmer L.L.P.**

/s/ James D. Gardner
*Attorneys for Defendants Wells Fargo Bank, N.A., Norwest Mortgage, Inc., LaSalle Bank N.A., and Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2011 a true and accurate copy of the foregoing was served by CM/ECF electronic noticing to each of the following:

Brian W. Steffensen
Steffensen Law Office
448 East 400 South, Suite 100
Salt Lake City, Utah 84111

Richard Gunnerson
3269 South Main Street #100
Salt Lake City, UT 84115

/s/ James D. Gardner