**Brian W. Steffensen, 3092**
**STEFFENSEN ❖ LAW ❖ OFFICE**
448 East 400 South, Suite 100
Salt Lake City, Utah 84111
Telephone (801) 485-3707
Facsimile (801) 485-7140
Attorneys for Plaintiffs

### IN THE THIRD DISTRICT COURT
### IN AND FOR THE STATE OF UTAH, SALT LAKE DEPARTMENT

| | |
|---|---|
| Bryan Toone and JoLynne Toone<br><br>v.<br><br>Wells Fargo Bank. NA;<br>Premier Mortgage Corp. Of America;<br>Accubank Mortgage Corporation dba Accumortgage Corporation;<br>Norwest Mortgage, Inc.;<br>LaSalle Bank N.A., as Trustee;<br>Bank of America, NA;<br>eTitle Insurance Agency;<br>Lundberg & Associates;<br>Kent W. Plott;<br>Mark S. Middlemas;<br>Does 1-50 | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO RECONSIDER DECISION**<br><br><br>Civil No. Case No. 2:11-CV-170-TS<br><br>Judge Ted Stewart |

Plaintiffs' Bryan Toone and JoLynne Toone moved the Court for an Order reconsidering and setting aside its dismissal of the Toones' complaint herein and denial of a prior motion for leave to amend, and moved again for leave to amend.

Defendants claim that the Toone's motion for leave to amend can not be granted unless the Toones have first moved to set aside the judgment under Rule 60(b).

That is exactly what the Toones have done.

The Toones argue that the dismissal and refusal to allow amendment were based in significant part on a clear denial of due process and error of law – the argument that declaratory relief can not be sought in federal courts. This issue was not raised by the defendants in their motion to dismiss. It was not briefed by the parties. Yet, this unanticipated and un-briefed theory turned out to be THE BASIS upon which the Court dismissed the key claims in the case – that the non judicial foreclosure should be set aside and title in the home quieted in the Toones.

The Toones submit that under Rule 60(b)(6) the dismissal should be set aside and the Toones then allowed to amend their complaint.

In the Toones main memorandum, they demonstrate fully that declaratory relief of the kind sought by the Toones is allowed both under Utah state law and under Federal Law.

Consequently, the Toones have demonstrated that relief from the judgment is justified.

To the extent that the motion did not specifically invoke Rule 60(b)(6), this Reply does so.

The Toones' Motion to Reconsider clearly asked the Court to set aside its dismissal and to allow amendment. Rule 60(b) allows just such a motion and just such relief. The grounds for the relief set forth in the main memorandum clearly articulate "any other reason that justifies relief" – thereby bringing the motion squarely under and/or within rule 60(b)(6).

The motion and memorandum satisfy the Rules and should not be denied on any technical ground.

Rather, the Court should address the merits of the motion:

1. Was it proper to dismiss the complaint based upon an argument/ theory (no declaratory relief in Federal Courts) about which the Toones had no notice and no opportunity to be heard?

2. Is it really true that no declaratory relief can be granted in Federal Court?

3. This was a state court cause of action based upon Utah state law. Doesn't Utah law allow for declaratory relief?

4. Isn't it entirely appropriate to seek to set aside a foreclosure sale based upon forged signatures and/or unauthorized signatures on critical documents?

5. Isn't it entirely appropriate to seek to set aside a foreclosure sale conducted by unauthorized entities?

6. Isn't an action to quiet title to real estate a commonly recognized cause of action?

7. Isn't a quiet title action essentially an action for declaratory relief?

There is no need to have these issues determined by the Tenth Circuit if they can be resolved first and now by the Trial Court.

This is the Court that should consider these issues.

Now is the time for this Court to do so.

The Motion to Reconsider and set aside the dismissal of the Toones' complaint should be granted and the Toones allowed to amend their complaint as requested. The Toones have presented "reason[s] that justif[y this] relief."

Dated this 10th day of November, 2011.

           **STEFFENSEN ❖ LAW ❖ OFFICE**

           /s/ Brian W. Steffensen
           _____
           Brian W. Steffensen